LEROY J. WELCH
v.
BATON ROUGE GENERAL MEDICAL CENTER
No. 2006 CA 1083.
Court of Appeal of Louisiana, First Circuit.
February 13, 2008.
August 8, 2007.
Not Designated for Publication
RONALD C. GATHE, JR., BATON ROUGE, La, Attorney for Plaintiff/Appellant, Leroy J. Welch.
MICHAEL M. REMSON, ADRIEN G. BUSEKIST, BATON ROUGE, La, Attorneys for Defendant/Appellee, Baton Rouge General Medical Center.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
MCDONALD, J.
This is an appeal from a trial court judgment sustaining defendant's exception of prescription and dismissing plaintiffs complaint with prejudice. For the following reasons, we remand to the trial court with instructions.
Plaintiff/appellant, Leroy Welch (Welch), filed a complaint of medical malpractice with the Louisiana Patient's Compensation Fund on February 28, 2005, pursuant to the requirements of La. R.S. 40:1299.47, naming as defendant the appellee in this matter, Baton Rouge General Medical Center, (BRGMC). BRGMC filed a peremptory exception of prescription. A hearing on the exception was continued once, and when held, the trial court sustained the peremptory exception and dismissed plaintiffs suit.
Thereafter, within the delays allowed by law, Welch filed a motion and order for new trial requesting a rehearing on the exception. The trial court granted the motion and signed the order scheduling the matter for hearing on Monday, February 6, 2006. Counsel for BRGMC appeared at the trial court at the time scheduled; however, counsel for Welch did not. Upon the trial court inquiring as to whether notice was sent, BRGMC's counsel stated that she had received notice. The trial court then allowed the matter to proceed "on the basis that there was notice," stating, however, that "my clerk did not key this matter in for today."
Counsel for BRGMC briefly stated the posture of the case, submitting that: the damages occurred in August 2003; the claim with the medical review panel was not filed until February 2005; the claim had clearly prescribed on its face; the trial court had previously granted the exception of prescription; and a motion for new trial had been granted for the trial court to look at medical records, which counsel had supplied. The trial court, noting "the opposition [has] not appeared," granted the exception of prescription. Judgment so ordering was signed February 16, 2006.
Welch appeals this judgment, alleging three assignments of error: (1) the trial court erred by rendering a final judgment at the rehearing of appellee's peremptory exception of prescription without appellant's counsel being present; (2) the trial court erred in granting appellee's peremptory exception of prescription because under the doctrine of contra non valentem appellant's cause of action had not prescribed; and (3) the trial court erred in granting appellee's peremptory exception of prescription because under the continuous tort doctrine appellant's cause of action had not prescribed.
Welch's brief asserts that prior to the February 6, 2006 hearing, on Friday, February 3, 2006, a staff member in the trial court's office was contacted to confirm that the hearing was on the docket. This staff member advised Welch's representative that the matter was not set on the docket. A letter confirming this conversation was faxed to the judge's office on February 3, 2006. After judgment was rendered and the appeal lodged, a motion and order to supplement the appellate record to include this correspondence was filed. Upon being advised by the trial court's office that the correspondence from Welch's counsel had been sent prior to the February 6 hearing,[1] counsel for BRGMC stated and confirmed in writing that there was no objection to the record being supplemented. The trial court ordered the record supplemented. This letter, however, was never entered into the record.
A court of appeal is not a court of original jurisdiction and has no jurisdiction to receive new evidence. Diamond B Construction Company, Inc. v. Louisiana Department of Transportation and Development, XXXX-XXXX (La. App. 1 Cir. 12/22/00), 780 So.2d 439, 449, writ denied, XXXX-XXXX (La. 4/20/01), 790 So.2d 633. A request to supplement a record should only include evidence that was considered by the trial court and for some reason failed to be included in the appellate record. See La. C. C. P. art. 2132. That is not the case here. This faxed letter was never considered by the trial court and was never filed into the record below; therefore, it is not in the record before us and cannot be considered as evidence.
However, we note that if the letter correctly documents the reason for the failure of the plaintiff's counsel to appear, it is an issue that should be addressed by the trial court. Rule 1-3, Uniform Rules, Courts of Appeal states:
The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by LSA-Const. Art. 5, § 10(B), and as otherwise provided by law. The Courts of Appeal will review only issues which were submitted to the trial court and which are contained in specifications or assignments of error, unless the interest of justice clearly requires otherwise.
The interests of justice clearly require that this matter be remanded. Therefore, this matter is remanded for the trial court to allow the faxed letter and other evidence bearing on the issue of the failure of the plaintiffs counsel to appear at the hearing to be presented. The trial court is to detennine within 45 days of the date of this opinion whether the ruling at the hearing on February 6, 2006, should be vacated or allowed to stand. The trial court shall notify this court of its ruling within 10 days of making said ruling. If the trial court notifies this court that the judgment should be vacated and a new hearing held, this appeal will be dismissed.
Therefore, in consideration of the above, and pursuant to La. C.C.P. art. 2164, this matter is remanded to the trial court for further proceedings.
REMANDED WITH INSTRUCTIONS.
MCDONALD, J.
This matter initially arose as an appeal of a February 2006 judgment dismissing a plaintiffs malpractice suit with prejudice. The facts are outlined in an interim opinion of this court issued August 8, 2007, which is attached to and made a part of this opinion. A motion to dismiss the appeal on behalf of Baton Rouge General Medical Center was filed with this court in December 2007, and an opposition to this motion was also filed.
As noted, the appeal lodged was of a judgment rendered by the trial court on February 6, 2006. This court was notified on January 2, 2008, that the trial court vacated the judgment appealed. Since the judgment has been vacated, this appeal is moot.
This appeal is dismissed and the matter remanded to the district court by summary disposition in accordance with Uniform Courts of Appeal Rule 2-16.2.A(3). The motion to dismiss is denied as moot.
APPEAL DISMISSED AND REMANDED; MOTION DENIED.
NOTES
[1] The letter at issue is variously represented as being dated February 3, 2006 and February 4, 2006. Copies of the letter faxed and the confirmation report show the date as February 3, 2006.